## McSorley, Administrator v. Brookside Day Camp

*Lee Mandell,* for plaintiff.

*Joseph F. Keener, Jr.* and *Alfio P. Libetti,* for defendants.

*James Lewis Griffith* and *Robert J. Coleman,* for additional defendants.

LEVIN, J., June 11, 1973.—Plaintiff has filed motions to dismiss the preliminary objections of defen-

dants, Brookside Day Camp (Brookside), and South-eastern Pennsylvania Transportation Authority (SEPTA), for their failure to comply with General Court Regulation 71-12 requiring 10 days' notice to all interested parties of counsel's intention to file with the clerk of the motions court all motions, rules, petitions or other pleadings.

On September 29, 1972, defendant SEPTA filed preliminary objections, and on that date, and again on October 3rd, gave plaintiff notice that the objections would be placed on the motion list on October 13. Plaintiff argues that defendant was derelict in not giving 10 days' notice prior to the filing of defendant's preliminary objections on September 29th. This approach is unrealistic, in view of Pa. Rule of Civil Procedure 1026 requiring responsive pleadings to be filed within 20 days of the service of the preceding pleading. Plaintiff has failed to distinguish between filing a motion and ordering it on the motion list. In order to give effect to both time limitations a party must be allowed to file his preliminary objections at the same time as he notifies opposing counsel that the objections will be ordered on the motion list in 10 days. Such is the procedure required by Regulation 71-12:

"Said filing date shall be set forth in a notice which shall accompany said documents [i.e. the motion together with memorandums of law or briefs] at the time they are served."

SEPTA has complied with this procedure, and plaintiff's motion to dismiss defendant SEPTA's preliminary objections should be dismissed.

Plaintiff's objections to the procedure followed by Brookside are similarly erroneous. Although Brookside omitted an order and memorandum of law from its notice of intent to file preliminary objections, this mistake was rectified without resulting prejudice to

the plaintiff. In all other respects the procedures complied with the requirements of regulation 71-12.

## ORDER

And now, June 11, 1973, plaintiff's motion to dismiss defendants Brookside Day Camp's and Southeastern Pennsylvania Transportation Authority's preliminary objections are dismissed with prejudice and defendants preliminary objections will be disposed of on the next available argument list.